UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CAROL R. WEBSTER,

    Plaintiff,

v.                                      CASE NO.: 8:06-cv-801-T-24MAP

MICHAEL J. ASTRUE,[1]
Commissioner of Social Security,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks review of the Commissioner's decision denying her claim for a period of disability and disability insurance benefits.[2] Essentially, she argues the Administrative Law Judge ("ALJ") erred by: 1) failing to fully analyze and make findings regarding Plaintiff's non-exertional symptoms such as fatigue, headaches, and abdominal pain; and 2) failing to consider the worsening of her obesity in combination with other impairments in evaluating her subjective complaints of pain and fatigue. After consideration, I recommend the Plaintiff's complaint be dismissed and judgment entered for the Commissioner for the reasons set forth herein.

*A. Background*

The Plaintiff, who was 36 years old at the time of her administrative hearing, has a ninth or tenth grade education (R. 81, 263) and prior work experience as a hotel housekeeper, part-time

---

[1] Michael J. Astrue replaced Jo Anne B. Barnhart as Commissioner of Social Security effective February 12, 2007.

[2] The district judge referred this matter to me for a report and recommendation.

dishwasher, and supervisory housekeeper. She claims she is disabled because of diabetes, pancreatitis, and other impairments. She initially alleged a disability onset date of April 1, 1998, but later amended the onset date to May 27, 2001, the date she last worked (R. 266-67).

At Plaintiff's May 22, 2003, hearing, Plaintiff testified that she was first diagnosed with diabetes in 1997, but she stopped working in 2001 because she was having blackouts at work due to high blood sugar (R. 267–68). She also testified that she could no longer work because of pancreatitis and a hiatal hernia (R. 270). Plaintiff testified that her pancreatitis flared around the Christmas holidays in 2002 when she drank a pint of whiskey, requiring a trip to the emergency room (R. 272). Plaintiff testified that she drank alcohol on four occasions in the six months preceding the hearing (R. 286). Even if those occasions were not considered, she testified, her stomach hurt her "constantly" (R. 286). She said that she passes out and vomits every day (R. 275). She also described the following symptoms: frequent dizziness and problems with balance (R. 277, 282), difficulty breathing (R. 281), bad eyes (R. 281), tingling and numbness in her left (dominant) hand (R. 280), leg pain (R. 284), sores on her feet (R. 289), headaches (R. 288), bowel problems (R. 286), and a need to urinate every 15 minutes (R. 285). She testified that she has been treated for depression and anxiety (R. 290). She said that she does not sleep well at night, and takes three-hour naps during the day (R. 277). Plaintiff testified that her normal weight was 138 pounds, but she weighed 260 pounds at the time of the hearing, attributing her weight gain to her medications (R. 265). At the hearing, the ALJ also heard the testimony of a vocational expert ("VE") (R. 294-306).

On September 15, 2003, the ALJ issued a decision in which he found the Plaintiff was not disabled (R. 24-33). The ALJ discussed the medical evidence at length, finding that "the claimant has alcohol induced pancreatitis, with history of small pseudo-cyst; insulin dependent diabetes

mellitus, with history of noncompliance to prescribed therapy; well-controlled hypertension; obesity; tobacco abuse, a history of treatment for acute/recurrent sinusitis; and mixed features of adjustment disorder superimposed on a possible underlying personality disorder" (R. 30). The ALJ found that these impairments were "severe," but did not meet or equal in severity the listed impairments in Appendix 1 to Subpart P of Regulations No. 4 (R. 30).

In assessing the Plaintiff's limitations, the ALJ found that "the claimant does have pain causing functional limitations during recurrent bouts of alcohol induced acute pancreatitis, but that such complaints are not fully persuasive" (R. 31). The ALJ noted "poor compliance" with her diabetes medications, and stated that "when she abstains from drinking and adheres to the medications prescribed, her symptoms improve" (R. 31). The ALJ stated that "claimant's overall health status improved significantly when she stopped drinking in May of 2002, and remained stable until Christmas Day 2002, when she drank a pint of whiskey and needed to be admitted to the hospital three days later for recurrent symptoms of acute pancreatitis. Consequently her complaints are not found to be fully persuasive and have been given little weight" (R. 32).

The ALJ found that the Plaintiff has the residual functional capacity "to perform simple repetitive work-related activities that would allow for a sit/stand option, with pushing, pulling, lifting and/or carrying up to 10 pounds occasionally and less than 10 pounds frequently; sitting for a total of 6 hours during an 8-hour day, standing and/or walking about four hours total during an eight-hour workday; occasional balancing, stooping, kneeling, crouching and/or crawling; with avoidance of concentrated exposure to extreme temperature extremes" (R. 32). Given this, that ALJ found that the Plaintiff was incapable of performing her past relevant work. However, the ALJ found a substantial number of jobs existed in the regional and national economy that the

Plaintiff could perform, such as cashier II, bench assembler, and agricultural produce sorter (R. 32–33). Thus, the ALJ found that the claimant was not disabled. On March 1, 2006, the Appeals Council denied review (R. 3). Plaintiff then sought review before this Court.

    *B. Standard of Review*

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the Secretary must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Subpart P; and whether the claimant can perform her past relevant work. If the claimant cannot perform the tasks required of her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of her age, education, and work experience. A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137 (1987); 20 C.F.R. § 404.1520(f).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389 (1971). The ALJ's factual findings are conclusive if "substantial evidence" consisting of "relevant evidence as a reasonable person would accept as adequate to support a conclusion" exists. *See* 42 U.S.C. § 405(g); *Keeton v. Department of Health and Human Services*, 21 F.3d 1064 (11th Cir. 1994). The Court may not

reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Further, the Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066; *Jamison v. Bowen*, 814 F.2d 585 (11th Cir. 1987) (remand for clarification).

*C. Discussion*

*1. Non-exertional complaints*

Plaintiff claims the ALJ erred by failing to properly analyze her non-exertional complaints such as fatigue, headaches, and abdominal pain, and by discrediting her subjective testimony. The Commissioner responds that ALJ correctly found that Plaintiff's complaints of pain and incapacity were not fully credible.

The Eleventh Circuit pain standard requires evidence of (1) an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain or other symptoms arising from that condition, or (3) the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain or other symptoms. *See Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). In satisfying the *Holt* standard, the ALJ evaluated all of the Plaintiff's symptoms, including pain. The ALJ specifically considered the underlying medical conditions and the objective medical evidence before determining that "the claimant does have pain causing functional limitations during recurrent bouts of alcohol induced acute pancreatitis, but that such complaints are not fully persuasive" (R. 31). Finding that the Plaintiff's health improved when she "abstains from

drinking and adheres to the medications prescribed," the ALJ determined that "her complaints are not found to be fully persuasive and have been given little weight." (R. 32).

The ALJ correctly determined that Plaintiff's subjective testimony about her symptoms and limitations was not supported by the preponderance of medical evidence (R. 33). Although the record indicates that from 1998 to 2000 the Plaintiff had poor diabetic control causing symptoms such as headaches, fatigue, thirst, and tingling in her toes (R. 121-27, 129, 132-34, 136-37), the medical evidence indicated that Plaintiff was much less impaired after she stopped working in May of 2001. According to treatment notes from a June 25, 2001, office visit, when her alcoholism had "stopped," her pancreatitis was "resolving," she was feeling better, with "decreased" abdominal pain and no nausea, vomiting, or diarrhea (R. 220). The treatment notes from February and March of 2002 reflect better control of Plaintiff's diabetes (R. 210, 212). As the Commissioner notes, the medical evidence fails to document Plaintiff's testimony that she passes out and vomits regularly, even when she abstains from alcohol use. (R. 275-76) Moreover, the record does not reflect that the Plaintiff ever sought treatment for blackouts, frequent urination, or poor vision. Accordingly, I find substantial support for the ALJ's application of the Eleventh Circuit pain standard and his consideration of Plaintiff's non-exertional impairments.

Plaintiff also argues the ALJ erred by failing to properly evaluate her impairments when she was noncompliant, and failed to consider whether her noncompliance was caused by an inability to pay for treatment or a mental impairment. If one's disability can be cured by treatment or compliance, yet such treatment is not financially available, the condition is disabling in fact and continues to be disabling in law. *See Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).

Likewise, noncompliance may be excused when it results from a mental impairment. *See Brashears v. Apfel,* 73 F. Supp. 2d 648, 651 (W.D. La. 1999) (remanding case for consideration of whether claimant's failure to treat her chronic paranoid schizophrenia was beyond her control). In this case, however, there is no evidence that Plaintiff's failure to abstain from drinking and adhere to her diabetes medications resulted from a mental illness or an inability to afford treatment. As the Commissioner notes, if alcoholism caused her noncompliance, it would be clear grounds for finding her not disabled. *See* 42 U.S.C. §§423(d)(2)(C), 1382c(a)(3)(J) (codifying Congress' new definition of disability that bars a finding of disability if drug addiction or alcoholism is "a contributing factor material" to the determination of disability).

      2.    *Obesity*

Plaintiff argues that the ALJ failed to consider the worsening of her obesity, in combination with her other impairments, in evaluating the credibility of her subjective complaints of pain and fatigue. Plaintiff argues that the ALJ should have acknowledged Plaintiff's weight gain when he evaluated her symptoms of fatigue, and should have considered ordering an updated consultative examination because of her 50-pound weight gain between February 11, 2002, (R. 211) and the May 22, 2003, hearing (R. 265).

Social Security Ruling (SSR) 02-1p instructs the ALJ to consider obesity in determining whether an individual has a medically determinable impairment, whether the impairment(s) is severe, whether the impairment(s) meets or equals the requirements of a listed impairment in the listings, and whether the impairment(s) prevents her from doing past relevant work and other work that exists in significant numbers in the national economy. *See* SSR 02-1p: Policy Interpretation Ruling, Titles II and XVI: Evaluation of Obesity, 2000 WL 628049 (S.S.A.).

The ALJ's decision shows he considered the Plaintiff's obesity in combination with her other impairments (R. 30, 33). After listing obesity along with the Plaintiff's other impairments, the ALJ stated "the undersigned finds that the claimant does not have an impairment *or combination of impairments* which meets or equals the criteria of any impairment listed in Appendix 1" (R. 30) (emphasis added). The Eleventh Circuit has held that this language shows consideration of the combined effect of a claimant's impairments. *Jones v. Department of Health and Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991). As the Commissioner argues, Plaintiff cites to no evidence that would show her obesity resulted in greater limitations than those found by the ALJ. Because the ALJ already took into account the Plaintiff's obesity, there was no error in the ALJ's failure to order a consultative examination to address her weight gain. *See Turner v. Califano*, 563 F.2d 669, 671 (5th Cir. 1977) (stating that a consultative examination is not required "unless the record establishes that such an examination is necessary to enable the administrative law judge to make the disability decision").[3]

*D. Conclusion*

For the reasons stated, it is hereby

RECOMMENDED:

I. That Plaintiff's complaint be dismissed and the Commissioner's decision be affirmed.

---

[3] Decisions of the former Fifth Circuit rendered prior to October 1, 1981 are binding precedent on federal courts within the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

II.     That the Clerk be directed to enter judgment for the Commissioner.

IT IS SO REPORTED in chambers at Tampa, Florida on August 15, 2007.

*Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted, or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice. 28 U.S.C. § 636(b)(1)(C); Local Rule 6.02, *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)(*en banc*).

Copies furnished to:
The Hon. Susan C. Bucklew
Counsel of Record